UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INTEREST RATE SWAPS
ANTITRUST LITIGATION                                                         MDL No. 2704


## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in a Southern District of New York action (*Teachers*) move under 28 U.S.C. § 1407 to centralize this litigation involving anticompetitive conduct in the market for interest rate swaps in the Southern District of New York. The litigation currently consists of two actions pending in two districts, as listed on Schedule A. Since the filing of the motion for centralization, the parties have notified the Panel of four additional actions[1] pending in the Southern District of New York (*Tera Group* and *Javelin*) and the Northern District of Illinois (*Chicago Policemen's Annuity* and *City of Philadelphia*).

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. Responding defendants support centralization in the Southern District of New York, as do plaintiffs in *Tera Group* and *Javelin*. Plaintiffs in the Northern District of Illinois action prefer that we select the Northern District of Illinois as the transferee district, as do plaintiffs in *Chicago Policemen's Annuity* and *City of Philadelphia*.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations of anticompetitive conduct in the market for interest rate swaps. Specifically, defendants are alleged to have (i) used group boycotts and anticompetitive agreements to prevent the development and rollout of exchange-like trading platforms open to non-dealer IRS purchasers; (ii) used group boycotts and other anticompetitive agreements to prevent existing electronic trading platforms used

---

[*] Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity, and all present Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353 (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001). Judges Lewis A. Kaplan and Catherine D. Perry took no part in the decision of this matter.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

among dealers from making their systems available to IRS purchasers; and (iii) retaliated against end-user customers that attempted to circumvent the traditional over-the-counter trading system. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation. This district has a strong factual connection to this litigation, given that most defendants are based there, as are the *Javelin* and *Tera Group* potential tag-along plaintiffs (which operated electronic exchanges allegedly targeted by defendants' conspiracy), and numerous events giving rise to the litigation are alleged to have occurred there. The first-filed action in this litigation is pending before Judge Paul A. Engelmayer, who also presides over the potential tag-along actions in the district. We are confident that Judge Engelmayer, an able and experienced jurist who has not had the opportunity to preside over an MDL, will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul A. Engelmayer for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor

IN RE: INTEREST RATE SWAPS
ANTITRUST LITIGATION                                    MDL No. 2704

## SCHEDULE A

<u>Northern District of Illinois</u>

HARRISON COUNTY, MISSISSIPPI, ET AL. v. BANK OF AMERICA
   CORPORATION, ET AL., C.A. No. 1:16‒02382

<u>Southern District of New York</u>

PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF
   CHICAGO v. BANK OF AMERICA CORPORATION, ET AL.,
   C.A. No. 1:15‒09319